```
 1                    UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF TEXAS
 2                          HOUSTON DIVISION

 3   ****************************************************************

 4   UNITED STATES OF AMERICA        4:23-CR-00085-1

 5
     VS.                             HOUSTON, TEXAS
 6

 7   MUNSON P. HUNTER, III           FEBRUARY 14, 2024

 8
     ****************************************************************
 9
                TRANSCRIPT OF REARRAIGNMENT PROCEEDINGS
10              HEARD BEFORE THE HONORABLE SIM LAKE
                     UNITED STATES DISTRICT JUDGE
11
     ****************************************************************
12
     APPEARANCES:
13
     FOR THE GOVERNMENT:             Mr. John R. Lewis
14                                   U.S. Attorney's Office
                                     1000 Louisiana Street
15                                   Suite 2300
                                     Houston, Texas 77002
16

17
     FOR THE DEFENDANT:              Mr. Brandon G. Leonard
18                                   The Leonard Firm
                                     5300 Memorial Drive, Suite 750
19                                   Houston, Texas  77007

20

21   Official Court Reporter:        David S. Smith, CSR, RPR, CRR
                                     Official Court Reporter
22                                   United States District Court
                                     Southern District of Texas
23                                   515 Rusk Street, Room 8004
                                     Houston, Texas 77002
24
            Proceedings recorded by mechanical stenography,
25   transcript produced via computer.
```

```
                     P R O C E E D I N G S
            THE MARSHAL:  All rise.
            THE COURT:  Good afternoon.  Please be seated.
                  We're here this afternoon for rearraignment in
    United States versus Munson P. Hunter, III, Criminal Action
    H:23-85.
                  Will counsel and Mr. Hunter please identify
    themselves.
            MR. LEWIS:  John R. Lewis for the United States.  Good
    afternoon, Your Honor.
            MR. LEONARD:  Good afternoon, Your Honor.
    Brandon Leonard for Mr. Hunter.
            THE COURT:  Are you Munson P. Hunter, III?
            THE DEFENDANT:  Yes, sir.  Good afternoon.
            THE COURT:  Good afternoon.
                  I understand that you wish to plead guilty to
    Count 5 of the superseding indictment, which charges you with
    wire fraud in violation of Title 18 United States Code
    Section 1343.  Is that correct?
            THE DEFENDANT:  Yes, sir.
            THE COURT:  Please raise your right hand and be sworn.
                  (The oath was administered.)
            THE COURT:  Mr. Hunter, before I can accept your guilty
    plea, I must ask you a number of questions.  It is very
    important that you listen carefully to all my questions and
```

|    |    |    |
|---|---|---|
|  | 1 | that you answer all of my questions truthfully and completely |
|  | 2 | for several reasons.  First, since you are now under oath, if |
|  | 3 | you give an untrue answer to a question, you could be charged |
|  | 4 | with a separate crime of perjury.  Do you understand that? |
| 02:04PM | 5 |            THE DEFENDANT:  Yes, sir. |
|  | 6 |            THE COURT:  Also before I can accept your guilty plea, |
|  | 7 | I must make a number of findings.  My findings are based on |
|  | 8 | your answers to my questions.  In order for my findings to be |
|  | 9 | correct, it is therefore necessary that all of your answers to |
| 02:04PM | 10 | my questions be truthful and complete.  Do you understand that? |
|  | 11 |            THE DEFENDANT:  Yes, sir. |
|  | 12 |            THE COURT:  Will you agree with me this afternoon that |
|  | 13 | if you do not understand anything that I say, you will stop and |
|  | 14 | ask me to repeat or explain whatever it is that you do not |
| 02:04PM | 15 | understand?  Will you agree to do that? |
|  | 16 |            THE DEFENDANT:  Yes, sir. |
|  | 17 |            THE COURT:  Also you may stop at any time and speak |
|  | 18 | with your lawyer.  You do not need anyone's permission to speak |
|  | 19 | to him. |
| 02:04PM | 20 |            Let me emphasize the importance of providing |
|  | 21 | truthful and complete answers this afternoon.  Sometimes after |
|  | 22 | a defendant has been sentenced, he will file a motion or will |
|  | 23 | write the Court a letter saying that the answers he gave at his |
|  | 24 | rearraignment were not true or were not complete.  I want you |
| 02:05PM | 25 | to understand I'm going to rely not only today, but at all |

|  |  |
|---|---|
| | 1   times in the future, on the answers you give me today.  If you |
| | 2   should ever in the future say something different from what you |
| | 3   have told me today under oath, I will disregard the future |
| | 4   statement and rely on what you have told me today.  Do you |
| 02:05PM | 5   understand that? |
| | 6           THE DEFENDANT:  Yes, sir. |
| | 7           THE COURT:  How old are you? |
| | 8           THE DEFENDANT:  49. |
| | 9           THE COURT:  Where were you born? |
| 02:05PM | 10          THE DEFENDANT:  Queens.  Queens, New York. |
| | 11          THE COURT:  Did you graduate from high school? |
| | 12          THE DEFENDANT:  No, sir. |
| | 13          THE COURT:  How many years of school did you complete? |
| | 14          THE DEFENDANT:  From tenth grade I went straight to |
| 02:06PM | 15   college. |
| | 16          THE COURT:  Oh.  You graduated from college? |
| | 17          THE DEFENDANT:  Two years. |
| | 18          THE COURT:  What college did you attend?  Do you |
| | 19   remember where it was? |
| 02:06PM | 20          THE DEFENDANT:  Upstate New York. |
| | 21          THE COURT:  What degree were you pursuing? |
| | 22          THE DEFENDANT:  Business management. |
| | 23          THE COURT:  After you left school, did you receive any |
| | 24   other type of formal training or education? |
| 02:06PM | 25          THE DEFENDANT:  No, Your Honor. |

```
          1              THE COURT:  What is the last job that you held?
          2              THE DEFENDANT:  Carvel.
          3              THE COURT:  Pardon me?
          4              THE DEFENDANT:  Carvel.
02:06PM   5              THE COURT:  Is that the name of a company?
          6              THE DEFENDANT:  Yes.  I also worked for the Social
          7    Security Administration.
          8              THE COURT:  What did you do for Carvel?
          9              THE DEFENDANT:  Served ice cream.
02:07PM  10              THE COURT:  What did you do for the Social Security
         11    Administration?
         12              THE DEFENDANT:  Move documents.
         13              THE COURT:  Have you ever been diagnosed or treated for
         14    any type of mental problem?
02:07PM  15              THE DEFENDANT:  Yes.
         16              THE COURT:  For what have you been treated?
         17              THE DEFENDANT:  Depression, PTSD, anxiety, things of
         18    that nature.
         19              THE COURT:  When were you last treated for any of those
02:07PM  20    conditions?
         21              THE DEFENDANT:  A few years -- a few years back.
         22              THE COURT:  Have you been evaluated for any health
         23    issues while you've been in custody?
         24              THE DEFENDANT:  Yes.
02:07PM  25              THE COURT:  Has any physician recently recommended up
```

```
1    that receive treatment for those conditions?
2         THE DEFENDANT:  No, not recently.
3         THE COURT:  Mr. Leonard, have you noticed any mental
4    deficiencies on the part of your client?
5         MR. LEONARD:  No, I have not, Your Honor.
6         THE COURT:  Mr. Hunter, have you been able to
7    communicate with your lawyer okay?
8         THE DEFENDANT:  My lawyer?  Yes.  Yes, sir.
9         THE COURT:  Have you ever been diagnosed or treated for
10   addiction to drugs or alcohol?
11        THE DEFENDANT:  No, Your Honor.
12        THE COURT:  Have you taken any type of drug or medicine
13   within the last 24 hours?
14        THE DEFENDANT:  No, Your Honor.
15        THE COURT:  How many times have you spoken with your
16   lawyer, Mr. Leonard, about this case approximately?
17        THE DEFENDANT:  Ten times.
18        THE COURT:  Ten times?
19        THE DEFENDANT:  Yes, sir.
20        THE COURT:  Has he discussed with you the charges
21   against you and what the government would have to prove to
22   establish your guilt?
23        THE DEFENDANT:  For the most part, yes, sir.
24        THE COURT:  Well, there are elements of various
25   offenses.  Has he discussed with you the elements that the
```

1  government would have to prove?
2          THE DEFENDANT:  Yes.
3          THE COURT:  And has he reviewed with you the evidence
4  that the government has against you?
02:09PM 5          THE DEFENDANT:  Yes sir.
6          THE COURT:  Has he discussed with you how the federal
7  advisory sentencing guidelines might apply in your case?
8          THE DEFENDANT:  Yes, sir.
9          THE COURT:  Has your lawyer answered all of your
02:09PM 10 questions?
11         THE DEFENDANT:  Yes, sir.
12         THE COURT:  Has he done everything that you have asked
13 him to do?
14         THE DEFENDANT:  So far.
02:09PM 15         THE COURT:  Are you fully satisfied with the advice and
16 counsel that your lawyer has provided you?
17         THE DEFENDANT:  So far.
18         THE COURT:  Well, I can only ask you so far.  I mean up
19 until today are you satisfied?
02:09PM 20         THE DEFENDANT:  Yes, sir.
21         THE COURT:  All right. You do not have to plead
22 guilty.  You have a right to go to trial.  If you went to
23 trial, you would have the right to the assistance of a lawyer
24 at all stages of the trial.  If you could not afford a lawyer,
02:09PM 25 the Court could appoint a lawyer for you.  You would have a

right to see and hear the government's witnesses at trial and have your lawyer question them. You could require other people to come into court and provide evidence for you. You would not be required to testify at a trial, and you could not be convicted at trial unless the jury unanimously found beyond a reasonable doubt that you were guilty. If you plead guilty today, however, there will not be a trial and you will give up the right to a trial and all of the protections associated with a trial. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: The maximum sentence that you face if you plead guilty is 30 years in prison and a fine not to exceed $1 million or twice the gross gain or gross loss, whichever is greater. In addition you could receive five years of supervised release, a 100-dollar special assessment and restitution to any victims. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: There is no parole in federal court. That means you'll have to serve your sentence in custody. Your term of supervised release will be subject to a number of conditions that will be monitored by a probation officer. If I found that you violated those conditions, I could revoke your supervised release and send you back to prison without any credit for the time that you had already served on supervised release. Do you understand that?

1  THE DEFENDANT: Yes, sir.
2  THE COURT: The Court has not made any decision about
3  what your sentence will be. If I accept your guilty plea, a
4  probation officer will interview you, investigate the facts of
5  the case and prepare a presentence investigation report. You
6  will have an opportunity to read the report and to discuss the
7  report with your lawyer before your sentencing. You or the
8  government may file objections to the report. At the time of
9  your sentencing, I will rule on any objections; and then after
10 hearing from you, your lawyer and the government's lawyer, I
11 will determine your advisory guideline range and your sentence.
12 What you need to understand today is that this process of
13 determining your sentence has not yet begun. That means no one
14 knows what advisory guideline range the probation officer will
15 recommend or what advisory guideline range the Court will find
16 applicable or what sentence the Court will impose. Do you
17 understand that?
18 THE DEFENDANT: Yes, Your Honor.
19 THE COURT: If the sentence that I impose is greater
20 than the sentence that you now expect or greater than the
21 sentence that your lawyer or anyone else may have predicted,
22 you will be bound by your guilty plea today, regardless of your
23 sentence. You will not be allowed to change your mind and
24 withdraw your guilty plea because you are not satisfied with
25 your sentence. Do you understand that?

|    |    |
|---|---|
| 1 | THE DEFENDANT:  Yes, Your Honor. |
| 2 | THE COURT:  The government has provided the Court with |
| 3 | a copy of the written plea agreement.  Have you read the |
| 4 | agreement? |
| 02:13PM  5 | THE DEFENDANT:  Yes, sir. |
| 6 | THE COURT:  When did you read it? |
| 7 | THE DEFENDANT:  This morning and also again five |
| 8 | minutes ago. |
| 9 | THE COURT:  Have you talked to your lawyer about the |
| 02:13PM  10 | agreement? |
| 11 | THE DEFENDANT:  Yes, Your Honor. |
| 12 | THE COURT:  How much time would you estimate you spent |
| 13 | talking to your lawyer about the plea agreement? |
| 14 | THE DEFENDANT:  About an hour. |
| 02:13PM  15 | THE COURT:  Was that sufficient time for your lawyer to |
| 16 | answer any questions you had? |
| 17 | THE DEFENDANT:  Yes. |
| 18 | THE COURT:  Did he answer any questions that you had? |
| 19 | THE DEFENDANT:  Yes. |
| 02:13PM  20 | THE COURT:  Do you have a copy in front of you? |
| 21 | THE DEFENDANT:  Yes, sir. |
| 22 | THE COURT:  I want to go over the essential parts again |
| 23 | to be sure that you understand them. |
| 24 | In Paragraph 1 you agree to plead guilty to |
| 02:14PM  25 | Count 5, which I described earlier. |

```
02:14PM   1              If you will, please turn to Page 2.
          2              Paragraph 5 says:  "Defendant is aware that
          3   Title 28 United States Code Section 1291 and Title 18 United
          4   States Code Section 3742 afford a defendant the right to appeal
02:14PM   5   the conviction and sentence imposed.  Defendant is aware that
          6   Title 28 United States Code Section 2255 affords the right to
          7   contest or collaterally attack a conviction or sentence after
          8   the judgment of the conviction and sentence has become final.
          9   Defendant knowingly and voluntarily waives the right to appeal
02:14PM  10   or collaterally attack the conviction and sentence except that
         11   the defendant does not waive the right to raise a claim of
         12   ineffective assistance of counsel on direct appeal if otherwise
         13   permitted or on collateral review in a motion under Title 28,
         14   Section 2255."
02:15PM  15              Have you discussed that provision with your
         16   lawyer?
         17        THE DEFENDANT:  No.  Well, I understand it, Your Honor.
         18        THE COURT:  Well, let me just be sure.  You're going to
         19   be sentenced if I accept your guilty plea.  The most frequent
02:15PM  20   basis for an appeal is complaining of this sentence.  It's very
         21   unlikely that you could appeal that under this waiver.
         22   Basically you're agreeing to whatever sentence I impose.  Do
         23   you understand that?
         24        THE DEFENDANT:  Yes, Your Honor.
02:15PM  25        THE COURT:  And then the next paragraph:  "Defendant
```

```
                 1    waives any and all legal challenges to the prosecution charged
                 2    in the superseding indictment in this district."
                 3                 In other words, you can't complain that you
                 4    were charged in the wrong court.  Do you understand that?
    02:16PM      5         THE DEFENDANT:  Yes Your Honor.
                 6         THE COURT:  If you will, turn to the next page,
                 7    Paragraph 8.
                 8                 "In agreeing to these waivers, defendant is
                 9    aware that the sentence that not yet been determined by the
    02:16PM     10    Court."
                11                 Do you understand that?
                12         THE DEFENDANT:  Yes, Your Honor.
                13         THE COURT:  And then in Paragraph 9:  "Defendant
                14    understands and agrees that each and all waivers contained in
    02:16PM     15    the agreement are made in exchange for the concessions made by
                16    the government in the agreement."
                17                 And the next paragraph, Paragraph 10:  "The
                18    government agrees to dismiss the remaining counts at the time
                19    of sentencing."
    02:16PM     20                 So basically in return for the government's
                21    agreement to dismiss the remaining counts, you're waiving or
                22    giving up your right to appeal and to collaterally attack your
                23    conviction and sentence.  Do you understand that?
                24         THE DEFENDANT:  Yes, Your Honor.
    02:17PM     25         THE COURT:  Now, other than the factual basis for your
```

guilty plea, which I will discuss in a moment, have I correctly described your plea agreement as you understand the agreement?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Other than what is stated in the written agreement, has the United States Government made any promises to you in connection with your guilty plea?

THE DEFENDANT: No, Your Honor.

THE COURT: Has the government told you what sentence you will receive if you plead guilty?

THE DEFENDANT: No, Your Honor.

THE COURT: Has your lawyer or anyone else told you what sentence you'll receive if you plead guilty?

THE DEFENDANT: No, Your Honor.

THE COURT: Has anyone threatened you or forced you to plead guilty?

THE DEFENDANT: No, Your Honor.

THE COURT: In order for the government to prove your guilt as to Count 5, the government would have to show first that you knowingly devised a scheme to defraud; second, that the scheme to defraud employed false material representations; third, that you transmitted or caused to be transmitted by means of wire communications in interstate commerce a writing, sign, signal or picture for the purpose of executing the scheme; and, fourth, that you acted with a specific intent to defraud, that is, intent to deceive and cheat a person for the

1  purpose of bringing about a financial gain.
2              Now, if you will, please refer back to your
3  plea agreement on Page 6, Paragraph 15.
4              Paragraph 15 says:  "Defendant is pleading
5  guilty because he is, in fact, guilty of the charges contained
6  in Count 5 of the superseding indictment.
7              "If this case were to proceed to trial, the
8  United States could prove each element of the offense beyond a
9  reasonable doubt.  The following facts, among others, would be
10 offered to establish the defendant's guilt."
11             And then on Page 7 the government sets out the
12 facts it says it could prove at trial.
13             Mr. Hunter, have you carefully read the facts
14 stated on Page 7?
15       THE DEFENDANT:  Yes, Your Honor.
16       THE COURT:  Are all the facts stated there true?
17       THE DEFENDANT:  Yes, Your Honor.
18       THE COURT:  Did you do everything stated on that page?
19       THE DEFENDANT:  Yes, Your Honor.
20       THE COURT:  And in particular did you open up a
21 fictitious account at the Chase New York Bank under the name of
22 Keesha N. Jones?
23       THE DEFENDANT:  Yes, Your Honor.
24       THE COURT:  And on June 23rd, 2015, did you cause
25 approximately $38,000 to be transferred electronically from an

```
 1   account of M.A. at Capital One in this district to pay the
 2   credit card account opened fictitiously in the name of
 3   Keesha N. Jones?
 4           THE DEFENDANT:  Yes, Your Honor.
 5           THE COURT:  How do you plead to the offense charged
 6   against you in Count 5?  Guilty or not guilty?
 7           THE DEFENDANT:  Guilty, Your Honor.
 8           THE COURT:  Mr. Leonard, do you think any other advice
 9   of rights is required before I can accept your client's guilty
10   plea?
11           MR. LEONARD:  I do not, Your Honor.
12           THE COURT:  The defendant and counsel may now sign the
13   plea agreement.
14               It is the finding of the Court that the
15   defendant is fully competent and capable of entering an
16   informed plea of guilty and that the defendant's plea of guilty
17   is a knowing and voluntary plea supported by an independent
18   basis in fact establishing each of the essential elements of
19   the offense.  I, therefore, accept your plea and now adjudge
20   you guilty of Count 5 of the superseding indictment.
21               Your sentencing will be May 10th at 2 p.m.
22               Does either counsel wish to say anything else.
23           MR. LEWIS:  No, Your Honor.
24           MR. LEONARD:  Yes, Your Honor.  I have two requests.
25   Is it possible for the Court to in any way fast-track the
```

1  sentencing, in other words, a date sooner than the May date?
2              THE COURT: Well, yes; but I'm required to give you
3  35 days to prepare the presentence report and then 35 days to
4  file objections to it. That's the statute. You can file a
5  motion to expedite sentencing and discuss it with probation;
6  but until I see that motion, I'm going to keep the sentencing
7  date.
8              MR. LEONARD: Understood, Your Honor.
9              And the second request, would the Court
10 consider a presentence release for my client, Mr. Hunter?
11             THE COURT: Not given his criminal record, no.
12             All right. Defendant is remanded to the
13 custody of the marshal. Counsel are excused.
14             Court is adjourned.
15             THE MARSHAL: All rise.
16             (The proceedings were adjourned.)
17                          * * * * *
18                 COURT REPORTER'S CERTIFICATE
19             I, David S. Smith, CSR, RPR, CRR, Official
20 Court Reporter, United States District Court, Southern District of Texas, do hereby certify that the foregoing is a true and correct transcript, to the best of my ability and
21 understanding, from the record of the proceedings in the above-entitled and numbered matter.
22
23                                    /s/ David S. Smith_____
                                      Official Court Reporter
24
25